APPEAL,CLOSED,TYPE–D

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:15–cv–00615–TSC</u>
### *Internal Use Only*

| | |
|---|---|
| SAVE JOBS USA v. U.S. DEPARTMENT OF HOMELAND SECURITY | Date Filed: 04/23/2015 |
| | Date Terminated: 09/28/2016 |
| Assigned to: Judge Tanya S. Chutkan | Jury Demand: None |
| Case in other court:  16–05287 | Nature of Suit: 899 Administrative |
| Cause: 05:551 Administrative Procedure Act | Procedure Act/Review or Appeal of |
| | Agency Decision |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

| | | |
|---|---|---|
| **SAVE JOBS USA** | represented by | **John Michael Miano** |
| | | IMMIGRATION REFORM LAW |
| | | INSTITUTE |
| | | 25 Massachusetts Avenue, NW |
| | | Suite 335 |
| | | Washington, DC 20001 |
| | | (908) 273–9207 |
| | | Email: miano@colosseumbuilders.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Michael Meriwether Hethmon** |
| | | IMMIGRATION REFORM LAW |
| | | INSTITUTE |
| | | 25 Massachusetts Avenue, NW |
| | | Suite 335 |
| | | Washington, DC 20001 |
| | | (202) 232–5590 |
| | | Fax: (202) 464–3590 |
| | | Email: mhethmon@irli.org |
| | | *TERMINATED: 09/28/2020* |

V.

**Defendant**

| | | |
|---|---|---|
| **DEPARTMENT OF HOMELAND SECURITY** | represented by | **Glenn M. Girdharry** |
| *Office of General Counsel* | | U.S. DEPARTMENT OF JUSTICE |
| | | Immigration Litigation |
| | | Ben Franklin Station |
| | | P.O. Box 868 |
| | | Washington, DC 20044 |
| | | (202) 532–4807 |
| | | Fax: (202) 305–7000 |
| | | Email: glenn.girdharry@usdoj.gov |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Samuel Press**
U.S. DEPARTMENT OF JUSTICE
Immigration Litigation
Ben Franklin Station
P.O. Box 868
Washington, DC 20044
(202) 305–0106
Fax: (202) 305–7000
Email: joshua.press@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erez Reuveni**
U.S. DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 868
Ben Franklin Station
Washington, DC 20044
(202) 307–4293
Fax: (202) 305–7000
Email: erez.r.reuveni@usdoj.gov
*TERMINATED: 05/02/2021*

**Sarah S. Wilson**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Office of Imigration
Litigation
P.O. Box 868
Washington, DC 20044
(202) 532–4700
Email: sarah.s.wilson@usdoj.gov
*TERMINATED: 05/02/2021*

**Movant**

**ACCENTURE**                    represented by   **Andrew A. Lyons–Berg**
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756–8979
Fax: (202) 591–2774
Email: alyonsberg@mwe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
MCDERMOTT WILL & EMERY LLP
500 North Capitol St, NW
Washington, DC 20005
(202) 756–8981

Fax: (202) 591–2784
Email: phughes@mwe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**ADOBE INC**                              represented by  **Andrew A. Lyons–Berg**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Paul Whitfield Hughes , III**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Movant**

**AMAZON.COM INC**

**Movant**

**APPLE INC.**                             represented by  **Andrew A. Lyons–Berg**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Paul Whitfield Hughes , III**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Movant**

**ARGO AI LLC**                            represented by  **Andrew A. Lyons–Berg**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Paul Whitfield Hughes , III**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Movant**

**BSA THE SOFTWARE ALLIANCE**              represented by  **Andrew A. Lyons–Berg**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Paul Whitfield Hughes , III**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Movant**

| | | |
|---|---|---|
| **BUSINESS ROUNDTABLE** | represented by | **Andrew A. Lyons–Berg** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

| | | |
|---|---|---|
| **CGI INC** | represented by | **Andrew A. Lyons–Berg** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

| | | |
|---|---|---|
| **CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA** | represented by | **Andrew A. Lyons–Berg** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

| | | |
|---|---|---|
| **CISCO SYSTEMS, INC.** | represented by | **Andrew A. Lyons–Berg** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

| | | |
|---|---|---|
| **CITRIX SYSTEMS INC** | represented by | **Andrew A. Lyons–Berg** |

(See above for address)
*LEAD ATTORNEY*

4

*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**COLLECTIVEHEALTH INC**                    represented by   **Andrew A. Lyons–Berg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**COMPETE AMERICA COALITION**              represented by   **Andrew A. Lyons–Berg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**CONSUMER TECHNOLOGY
ASSOCIATION**                              represented by   **Andrew A. Lyons–Berg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**CUMMINS INC**                            represented by   **Andrew A. Lyons–Berg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**EBAY INC**                           represented by   **Andrew A. Lyons–Berg**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Paul Whitfield Hughes , III**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Movant**

**ELECTRONIC ARTS INC.**               represented by   **Andrew A. Lyons–Berg**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Paul Whitfield Hughes , III**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Movant**

**FWD.US**                             represented by   **Andrew A. Lyons–Berg**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Paul Whitfield Hughes , III**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Movant**

**GOOGLE LLC**                         represented by   **Andrew A. Lyons–Berg**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Paul Whitfield Hughes , III**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Movant**

**HEWLETT PACKARD ENTERPRISE**         represented by   **Andrew A. Lyons–Berg**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**HOWARD HUGHES MEDICAL
INSTITUTE**

represented by **Andrew A. Lyons–Berg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**HP INC.**

represented by **Andrew A. Lyons–Berg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**IBM CORPORATION**

represented by **Andrew A. Lyons–Berg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**INFORMATION TECHNOLOGY
INDUSTRY COUNCIL (ITT)**

represented by **Andrew A. Lyons–Berg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**INTEL CORPORATION**                    represented by   **Andrew A. Lyons–Berg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**LENOVO (UNITED STATES) INC**          represented by   **Andrew A. Lyons–Berg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**MICROSOFT CORPORATION**

**Movant**

**NATIONAL ASSOCIATION OF**             represented by   **Andrew A. Lyons–Berg**
**MANUFACTURERS**                                         (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**PARTNERSHIP FOR A NEW**               represented by   **Andrew A. Lyons–Berg**
**AMERICAN ECONOMY ACTION**                               (See above for address)
**FUND**                                                  *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**PAYPAL**                               represented by   **Andrew A. Lyons–Berg**

8

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**PINTEREST INC**                    represented by   **Andrew A. Lyons–Berg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**REDDIT, INC.**                     represented by   **Andrew A. Lyons–Berg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**SALESFORCE.COM INC**               represented by   **Andrew A. Lyons–Berg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**SAP**                              represented by   **Andrew A. Lyons–Berg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

| | | |
|---|---|---|
| **SOCIETY FOR HUMAN REXOURCES MANAGEMENT (SHRM)** | represented by | **Andrew A. Lyons–Berg** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Paul Whitfield Hughes , III** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **SQUARE INC** | represented by | **Andrew A. Lyons–Berg** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Paul Whitfield Hughes , III** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **STUBHUB INC** | represented by | **Andrew A. Lyons–Berg** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Paul Whitfield Hughes , III** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **TECHNET** | represented by | **Andrew A. Lyons–Berg** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Paul Whitfield Hughes , III** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **TWITTER INC.** | represented by | **Andrew A. Lyons–Berg** (See above for address) |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Whitfield Hughes , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**WAYMO LLC**                           represented by   **Andrew A. Lyons–Berg**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Paul Whitfield Hughes , III**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Movant**

**WORLDWIDE ERC**                       represented by   **Andrew A. Lyons–Berg**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Paul Whitfield Hughes , III**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Amicus**

**LEADING COMPANIES AND**               represented by   **Andrew A. Lyons–Berg**
**BUSINESS ASSOCIATIONS**                                (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Paul Whitfield Hughes , III**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

V.

**Intervenor**

**ANUJKUMAR DHAMIJA**                    represented by   **Lauren Goldman**
                                                         BOIES SCHILLER & FLEXNER LLP
                                                         55 Hudson Yards
                                                         Ste 21st Floor
                                                         New York, NY 10001
                                                         212–446–2300

Email: lgoldman@bsfllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carl E. Goldfarb**
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301
954–356–0011
Email: cgoldfarb@bsfllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Evan Matthew Ezray**
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301
954–356–0011
Email: evan.ezray@myfloridalegal.com
*TERMINATED: 09/24/2020*
*PRO HAC VICE*

**Johnathan Douglas Lott**
U.S ATTORNEY'S OFFICE
500 E Broward Blvd, 8th Floor
Fort Lauderdale, FL 33394
954–660–5931
Email: johnathan.lott@usdoj.gov
*TERMINATED: 09/11/2020*
*PRO HAC VICE*

**Victor Alejandro Zapana , Jr**
DOJ–USAO
271–A Cadman Plaza East
Brooklyn, NY 11201
718–254–7180
Email: victor.zapana@usdoj.gov
*TERMINATED: 02/11/2021*

**Intervenor**

**IMMIGRATION VOICE**               represented by   **Lauren Goldman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carl E. Goldfarb**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Evan Matthew Ezray**
(See above for address)
*TERMINATED: 09/24/2020*
*PRO HAC VICE*

**Johnathan Douglas Lott**
(See above for address)
*TERMINATED: 09/11/2020*
*PRO HAC VICE*

**Victor Alejandro Zapana , Jr**
(See above for address)
*TERMINATED: 02/11/2021*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/23/2015 | 1 | COMPLAINT against U.S. DEPARTMENT OF HOMELAND SECURITY ( Filing fee $ 400 receipt number 0090–4068148) filed by SAVE JOBS USA. (Attachments: # 1 Civil Cover Sheet, # 2 Summons US Dept Homeland Sec., # 3 Summons Attorney General, # 4 Summons Civil Process Clerk)(Miano, John) (Entered: 04/23/2015) |
| 04/23/2015 | 2 | MOTION for Preliminary Injunction by SAVE JOBS USA (Attachments: # 1 Appendix, # 2 Affidavit)(Miano, John) (Entered: 04/23/2015) |
| 04/23/2015 | | Case Assigned to Judge Tanya S. Chutkan. (md, ) (Entered: 04/23/2015) |
| 04/23/2015 | 3 | SUMMONS (3) Issued Electronically as to U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice of Consent, # 2 Consent Form) (md, ) (Entered: 04/23/2015) |
| 05/01/2015 | 4 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. U.S. DEPARTMENT OF HOMELAND SECURITY served on 4/27/2015, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 4/30/2015., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 4/28/2015. ( Answer due for ALL FEDERAL DEFENDANTS by 6/27/2015.) (Miano, John) (Entered: 05/01/2015) |
| 05/01/2015 | 5 | NOTICE of Appearance by Glenn M. Girdharry on behalf of All Defendants (Girdharry, Glenn) (Entered: 05/01/2015) |
| 05/01/2015 | 6 | NOTICE of Appearance by Sarah S. Wilson on behalf of All Defendants (Wilson, Sarah) (Entered: 05/01/2015) |
| 05/02/2015 | 7 | NOTICE of Appearance by Erez Reuveni on behalf of All Defendants (Reuveni, Erez) (Entered: 05/02/2015) |
| 05/04/2015 | | MINUTE ORDER: Per LCvR 65.1(c), Defendant must file its opposition to the 2 Motion for Preliminary Injunction by May 5, 2015. Signed by Judge Tanya S. Chutkan on 5/4/2015. (lctsc2) (Entered: 05/04/2015) |
| 05/04/2015 | 8 | Consent MOTION for Extension of Time to File Response/Reply as to 2 MOTION for Preliminary Injunction by U.S. DEPARTMENT OF HOMELAND SECURITY (Attachments: # 1 Text of Proposed Order granting consent motion requesting 4–day |

| | | |
|---|---|---|
| | | extension of time to file response to Plaintiff's preliminary injunction motion)(Girdharry, Glenn) (Entered: 05/04/2015) |
| 05/05/2015 | | Set/Reset Deadlines: Response due by 5/5/2015 (zsm) (Entered: 05/05/2015) |
| 05/05/2015 | | MINUTE ORDER: Granting 8 Motion for Extension of Time to File Response/Reply to 2 MOTION for Preliminary Injunction. Responses due by 5/11/2015. Signed by Judge Tanya S. Chutkan on 5/5/2015. (lctsc2) (Entered: 05/05/2015) |
| 05/11/2015 | 9 | ENTERED IN ERROR. . . . .REPLY to opposition to motion re 2 MOTION for Preliminary Injunction filed by U.S. DEPARTMENT OF HOMELAND SECURITY. (Attachments: # 1 Text of Proposed Order)(Reuveni, Erez) Modified on 5/12/2015 (ztd, ). (Entered: 05/11/2015) |
| 05/11/2015 | 10 | MOTION to Dismiss *for lack of subject matter jurisdiction and failure to state a claim* by U.S. DEPARTMENT OF HOMELAND SECURITY (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Ex. 1, # 3 Exhibit Ex. 2)(Reuveni, Erez) (Entered: 05/11/2015) |
| 05/11/2015 | 11 | Memorandum in opposition to re 2 MOTION for Preliminary Injunction *(correcting label for motion, replacing docket entry 9)* filed by U.S. DEPARTMENT OF HOMELAND SECURITY. (Attachments: # 1 Text of Proposed Order)(Reuveni, Erez) (Entered: 05/11/2015) |
| 05/12/2015 | | NOTICE OF CORRECTED DOCKET ENTRY: re 9 Reply to opposition to Motion, was entered in error and counsel refiled said pleading as docket entry no. 11 . (td, ) (Entered: 05/12/2015) |
| 05/15/2015 | 12 | REPLY to opposition to motion re 2 MOTION for Preliminary Injunction filed by SAVE JOBS USA. (Attachments: # 1 Exhibit Washington Alliance of Technology Workers v U.S. Dep't of Homeland Security)(Miano, John) (Entered: 05/15/2015) |
| 05/17/2015 | | MINUTE ORDER: Setting Hearing on 2 MOTION for Preliminary Injunction. Motion Hearing set for 5/21/2015 11:30 AM in Courtroom 2 before Judge Tanya S. Chutkan. Signed by Judge Tanya S. Chutkan on 5/17/2015. (lctsc2) (Entered: 05/17/2015) |
| 05/21/2015 | | Minute Entry for proceedings held before Judge Tanya S. Chutkan: Motion Hearing held on 5/21/2015 re 2 MOTION for Preliminary Injunction filed by SAVE JOBS USA. Motion taken under advisement (Court Reporter William Zaremba.) (zsm) (Entered: 05/21/2015) |
| 05/24/2015 | 13 | MEMORANDUM AND OPINION. Signed by Judge Tanya S. Chutkan on 5/24/2015. (lctsc2) (Entered: 05/24/2015) |
| 05/24/2015 | 14 | ORDER denying 2 Motion for Preliminary Injunction. Signed by Judge Tanya S. Chutkan on 5/24/2015. (lctsc2) (Entered: 05/24/2015) |
| 05/24/2015 | | VACATED PER MINUTE ORDER DATED 5/28/15.....MINUTE ORDER: The parties must submit a joint proposed briefing schedule for Defendant's pending 10 motion to dismiss by May 29, 2015. Signed by Judge Tanya S. Chutkan on 5/24/2015. (lctsc2) Modified on 5/28/2015 (zsm). (Entered: 05/24/2015) |
| 05/26/2015 | | Set/Reset Deadlines: Proposed Briefing Schedule due by 5/29/2015 (zsm) (Entered: 05/26/2015) |
| 05/26/2015 | 15 | NOTICE of Appearance by Michael Meriwether Hethmon on behalf of SAVE JOBS USA (Hethmon, Michael) (Entered: 05/26/2015) |

| 05/26/2015 | 16 | RESPONSE re 10 MOTION to Dismiss *for lack of subject matter jurisdiction and failure to state a claim* filed by SAVE JOBS USA. (Attachments: # 1 Exhibit Texas v. United States)(Miano, John) (Entered: 05/26/2015) |
| 05/26/2015 | 17 | NOTICE *of Response to Request for Proposed Briefing Schedule* by U.S. DEPARTMENT OF HOMELAND SECURITY re Order (Girdharry, Glenn) (Entered: 05/26/2015) |
| 05/28/2015 |  | MINUTE ORDER: In light of the 17 Notice filed by Defendant, the Court's order entered May 24, 2015, requiring the parties to submit a joint proposed briefing schedule is vacated. Defendant's reply is due June 2, 2015. Signed by Judge Tanya S. Chutkan on 5/28/2015. (lctsc2) (Entered: 05/28/2015) |
| 05/29/2015 | 18 | TRANSCRIPT OF MOTION HEARING PROCEEDINGS before Judge Tanya S. Chutkan held on May 21, 2015; Page Numbers: 1–57. Date of Issuance: May 29, 2015. Court Reporter/Transcriber: William Zaremba; Telephone number: (202)354–3249; Court Reporter Email Address: WilliamPZaremba@gmail.com.<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/19/2015. Redacted Transcript Deadline set for 6/29/2015. Release of Transcript Restriction set for 8/27/2015.(wz) (Entered: 05/29/2015) |
| 06/02/2015 | 19 | REPLY to opposition to motion re 10 MOTION to Dismiss *for lack of subject matter jurisdiction and failure to state a claim* filed by U.S. DEPARTMENT OF HOMELAND SECURITY. (Attachments: # 1 Declaration)(Reuveni, Erez) (Entered: 06/02/2015) |
| 06/15/2015 | 20 | Cross MOTION for Summary Judgment by SAVE JOBS USA (Attachments: # 1 Affidavit, # 2 Appendix)(Miano, John) (Entered: 06/15/2015) |
| 06/17/2015 | 21 | MOTION for Order *denying Plaintiff's premature motion for summary judgment without prejudice, or, alternatively, to delay adjudication and further briefing of Plaintiff's summary judgment motion until after resolution of the pending motion to dismiss and submission of the certified administrative record* by U.S. DEPARTMENT OF HOMELAND SECURITY (Attachments: # 1 Text of Proposed Order)(Reuveni, Erez) (Entered: 06/17/2015) |
| 06/22/2015 | 22 | Memorandum in opposition to re 21 MOTION for Order *denying Plaintiff's premature motion for summary judgment without prejudice, or, alternatively, to delay adjudication and further briefing of Plaintiff's summary judgment motion until after resolution of the pending motio filed by SAVE JOBS USA. (Miano, John) (Entered: 06/22/2015)* |
| 06/23/2015 | 23 |  |

| | | |
|---|---|---|
| | | REPLY to opposition to motion re 21 MOTION for Order *denying Plaintiff's premature motion for summary judgment without prejudice, or, alternatively, to delay adjudication and further briefing of Plaintiff's summary judgment motion until after resolution of the pending motio* filed by *U.S. DEPARTMENT OF HOMELAND SECURITY. (Reuveni, Erez) (Entered: 06/23/2015)* |
| 06/26/2015 | | MINUTE ORDER: A telephone conference is scheduled for Wednesday, July 1, 2015 at 1:30pm to address Defendant's 21 motion to deny Plaintiff's motion for summary judgment. No appearances are required. The parties must provide a single land line telephone number at which all the parties can be reached. Briefing on Plaintiff's 20 motion for summary judgment is stayed pending resolution of Defendant's motion to deny. Signed by Judge Tanya S. Chutkan on 6/26/2015. (lctsc2) (Entered: 06/26/2015) |
| 06/26/2015 | | Set/Reset Hearings: Telephone Conference set for 7/1/2015 01:30 PM in Courtroom 2 before Judge Tanya S. Chutkan. (tth) (Entered: 06/26/2015) |
| 06/30/2015 | | ENTERED IN ERROR.....Set/Reset Hearings: Telephone Conference set for 7/1/2015 at 9:00 AM in Courtroom 2 before Judge Tanya S. Chutkan. (zsm) Modified on 6/30/2015 (zsm). (Entered: 06/30/2015) |
| 06/30/2015 | | Set/Reset Hearings: Telephone Conference set for 7/1/2015 at 1:30 PM in Courtroom 2 before Judge Tanya S. Chutkan. (zsm) (Entered: 06/30/2015) |
| 07/01/2015 | | Minute Entry for proceedings held before Judge Tanya S. Chutkan: Telephone Conference held on 7/1/2015. Joint Proposed Briefing Schedule due by 7/10/2015. Order to issue. (Court Reporter Bryan Wayne.) (zsm) (Entered: 07/01/2015) |
| 07/01/2015 | | MINUTE ORDER: Denying without prejudice 10 Motion to Dismiss, 20 Motion for Summary Judgment, and 21 Motion for Order, for the reasons stated in open court at the status conference on July 1, 2015. The parties must submit a joint proposed scheduling order by July 10, 2015. Signed by Judge Tanya S. Chutkan on 7/1/2015. (lctsc2) (Entered: 07/01/2015) |
| 07/10/2015 | 24 | STIPULATION *re: scheduling* by U.S. DEPARTMENT OF HOMELAND SECURITY. (Attachments: # 1 Text of Proposed Order)(Reuveni, Erez) (Entered: 07/10/2015) |
| 07/15/2015 | 25 | STIPULATION *re scheduling* by U.S. DEPARTMENT OF HOMELAND SECURITY. (Attachments: # 1 Text of Proposed Order)(Reuveni, Erez) (Entered: 07/15/2015) |
| 07/16/2015 | | MINUTE SCHEDULING ORDER: Defendants shall serve the administrative record on Plaintiff by August 11, 2015. Plaintiff shall file a motion for summary judgment by September 11, 2015. Defendant shall file a combined opposition and cross−motion for summary judgment by October 2, 2015. Plaintiff shall file a combined reply in support of the motion and any opposition to the cross−motion on October 16, 2015. Defendant shall file a reply in support of the cross−motion for summary judgment on October 30, 2015. Plaintiff shall file the Joint Appendix required by Local Rule 7(n)(2) by October 30,2015. Signed by Judge Tanya S. Chutkan on 7/16/15. (DJS) (Entered: 07/16/2015) |
| 07/16/2015 | | Set/Reset Deadlines: Administrative Record due by 8/11/2015.Summary Judgment motions due by 9/11/2015. Response to Motion for Summary Judgment due by 10/2/2015. Reply to Motion for Summary Judgment due by 10/16/2015. Reply in support of cross−motion due by 10/30/2015. Joint Appendix due by 10/30/2015. (zsm) (Entered: 07/16/2015) |

| 09/11/2015 | 26 | MOTION for Summary Judgment by SAVE JOBS USA (Attachments: # 1 Appendix, # 2 Affidavit)(Miano, John) (Entered: 09/11/2015) |
|---|---|---|
| 10/02/2015 | 27 | MOTION for Summary Judgment *and Opposition to Plaintiff's Motion for Summary Judgment* by U.S. DEPARTMENT OF HOMELAND SECURITY (Attachments: # 1 Text of Proposed Order)(Reuveni, Erez) (Entered: 10/02/2015) |
| 10/02/2015 | 28 | MOTION to Strike 26 MOTION for Summary Judgment *Portions of Appendix A (ECF26−1)* by U.S. DEPARTMENT OF HOMELAND SECURITY (Attachments: # 1 Text of Proposed Order)(Reuveni, Erez) (Entered: 10/02/2015) |
| 10/16/2015 | 29 | RESPONSE re 28 MOTION to Strike 26 MOTION for Summary Judgment *Portions of Appendix A (ECF26−1)* filed by SAVE JOBS USA. (Miano, John) (Entered: 10/16/2015) |
| 10/16/2015 | 30 | REPLY to opposition to motion re 26 MOTION for Summary Judgment , 27 MOTION for Summary Judgment *and Opposition to Plaintiff's Motion for Summary Judgment* filed by SAVE JOBS USA. (Miano, John) (Entered: 10/16/2015) |
| 10/30/2015 | 31 | JOINT APPENDIX by SAVE JOBS USA. (Miano, John) (Entered: 10/30/2015) |
| 10/30/2015 | 32 | REPLY to opposition to motion re 26 MOTION for Summary Judgment filed by U.S. DEPARTMENT OF HOMELAND SECURITY. (Reuveni, Erez) (Entered: 10/30/2015) |
| 10/30/2015 | 33 | REPLY to opposition to motion re 28 MOTION to Strike 26 MOTION for Summary Judgment *Portions of Appendix A (ECF26−1)* filed by U.S. DEPARTMENT OF HOMELAND SECURITY. (Reuveni, Erez) (Entered: 10/30/2015) |
| 11/16/2015 | 34 | NOTICE OF SUPPLEMENTAL AUTHORITY by SAVE JOBS USA (Attachments: # 1 Exhibit Texas v. United States Fifth Circuit Opinion)(Miano, John) (Entered: 11/16/2015) |
| 11/25/2015 | 35 | RESPONSE re 34 NOTICE OF SUPPLEMENTAL AUTHORITY filed by U.S. DEPARTMENT OF HOMELAND SECURITY. (Attachments: # 1 Exhibit US v. Texas cert petition)(Reuveni, Erez) (Entered: 11/25/2015) |
| 09/27/2016 | 36 | MEMORANDUM AND OPINION re 26 Plaintiff's Motion for Summary Judgment, 27 Defendant's Motion for Summary Judgment, and 28 Defendant's Motion to Strike. Signed by Judge Tanya S. Chutkan on 9/27/2016. (lctsc2) (Entered: 09/27/2016) |
| 09/27/2016 | 37 | ORDER denying 26 Plaintiff's Motion for Summary Judgment; granting 27 Defendant's Motion for Summary Judgment; and granting in part and denying in part 28 Defendant's Motion to Strike. It is further ORDERED that this case is DISMISSED with prejudice. Signed by Judge Tanya S. Chutkan on 9/27/2016. (lctsc2) (Entered: 09/27/2016) |
| 09/28/2016 | 38 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 36 Memorandum & Opinion, 37 Order on Motion for Summary Judgment,, Order on Motion to Strike,,, by SAVE JOBS USA. Filing fee $ 505, receipt number 0090−4689579. Fee Status: Fee Paid. Parties have been notified. (Miano, John) (Entered: 09/28/2016) |
| 09/29/2016 | 39 | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date 9/28/16 re 38 Notice of Appeal to DC Circuit Court,. (td) (Entered: 09/29/2016) |
| 10/03/2016 | | |

| | | USCA Case Number 16–5287 for 38 Notice of Appeal to DC Circuit Court, filed by SAVE JOBS USA. (td) (Entered: 10/04/2016) |
|---|---|---|
| 02/07/2020 | 40 | MANDATE of USCA as to 38 Notice of Appeal to DC Circuit Court, filed by SAVE JOBS USA ; USCA Case Number 16–5287. (Attachments: # 1 USCA Judgment)(zrdj) (Entered: 02/10/2020) |
| 02/24/2020 | 41 | NOTICE of Appearance by Joshua Samuel Press on behalf of All Defendants (Press, Joshua) (Entered: 02/24/2020) |
| 03/20/2020 | 42 | MOTION for Summary Judgment by SAVE JOBS USA (Miano, John) (Entered: 03/20/2020) |
| 03/21/2020 | 43 | CERTIFICATE OF SERVICE by SAVE JOBS USA re 42 MOTION for Summary Judgment . (Miano, John) (Entered: 03/21/2020) |
| 03/21/2020 | | MINUTE ORDER: Plaintiff's Motion for Summary Judgment 42 is hereby denied without prejudice. By 4/1/2020 the parties shall meet and confer and file a joint status report that sets forth the parties' positions on how the Court of Appeals decision impacts this litigation, along with a jointly proposed schedule for moving forward. The status report shall be accompanied by a proposed order. Signed by Judge Tanya S. Chutkan on 3/21/2020. (DJS) (Entered: 03/21/2020) |
| 03/23/2020 | | Set/Reset Deadlines: Joint Status Report due by 4/1/2020. (tb) (Entered: 03/23/2020) |
| 03/30/2020 | 44 | NOTICE of Appearance by Victor Alejandro Zapana, Jr on behalf of Anujkumar Dhamija, Immigration Voice (Zapana, Victor) (Entered: 03/30/2020) |
| 03/30/2020 | 45 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Carl E. Goldfarb, Filing fee $ 100, receipt number ADCDC–6971132. Fee Status: Fee Paid. by Anujkumar Dhamija, Immigration Voice (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Zapana, Victor) (Entered: 03/30/2020) |
| 03/30/2020 | 46 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Evan M. Ezray, Filing fee $ 100, receipt number ADCDC–6971202. Fee Status: Fee Paid. by Anujkumar Dhamija, Immigration Voice (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Zapana, Victor) (Entered: 03/30/2020) |
| 03/30/2020 | 47 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Johnathan D. Lott, Filing fee $ 100, receipt number ADCDC–6971209. Fee Status: Fee Paid. by Anujkumar Dhamija, Immigration Voice (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Zapana, Victor) (Entered: 03/30/2020) |
| 03/31/2020 | | MINUTE ORDER: Granting 45 46 47 Motions for Leave to Appear Pro Hac Vice. Carl Edward Goldfarb, Evan Matthew Ezray, and Johnathan Douglas Lott are hereby admitted pro hac vice to appear in this matter on behalf of Intervenors Immigration Voice and Anujkumar Dhamija. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**; granting [4 6] Motion for Leave to Appear Pro Hac Vice **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**; granting 47 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click fo r instructions**. Signed by Judge Tanya S. Chutkan on 3/31/2020. (DJS) (Entered: 03/31/2020) |
| 04/01/2020 | 48 | Joint STATUS REPORT by SAVE JOBS USA. (Miano, John) (Entered: 04/01/2020) |

| 04/02/2020 | 49 | NOTICE of Appearance by Carl E. Goldfarb on behalf of Anujkumar Dhamija, Immigration Voice (Goldfarb, Carl) (Entered: 04/02/2020) |
| 04/03/2020 | 50 | NOTICE of Appearance by Johnathan Douglas Lott on behalf of ANUJKUMAR DHAMIJA, IMMIGRATION VOICE (Lott, Johnathan) (Entered: 04/03/2020) |
| 04/06/2020 | 51 | NOTICE of Appearance by Evan Matthew Ezray on behalf of ANUJKUMAR DHAMIJA, IMMIGRATION VOICE (Ezray, Evan) (Entered: 04/06/2020) |
| 04/13/2020 | | MINUTE SCHEDULING ORDER: Having considered the 48 joint status report it is hereby ORDERED that Intervenors shall file their motion for a stay, not to exceed 20 pages, no later than April 20, 2020; Save Jobs shall file its opposition, not to exceed 20 pages, no later than April 27, 2020; Intervenors shall file their reply, not to exceed 10 pages, no later than May 4, 2020. Signed by Judge Tanya S. Chutkan on 4/13/2020. (lcdl) (Entered: 04/13/2020) |
| 04/13/2020 | | Set/Reset Deadlines: Intervenor's motion for stay due by 4/20/2020. Response due by 4/27/2020 Reply due by 5/4/2020. (tb) (Entered: 04/13/2020) |
| 04/20/2020 | 52 | MOTION to Stay by ANUJKUMAR DHAMIJA, IMMIGRATION VOICE (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Goldfarb, Carl) (Entered: 04/20/2020) |
| 04/27/2020 | 53 | Memorandum in opposition to re 52 MOTION to Stay filed by SAVE JOBS USA. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order, # 3 Certificate of Service)(Miano, John) (Entered: 04/27/2020) |
| 04/27/2020 | 54 | Cross MOTION for Preliminary Injunction by SAVE JOBS USA (Attachments: # 1 Exhibit, # 2 Text of Proposed Order, # 3 Certificate of Service)(Miano, John) (Entered: 04/27/2020) |
| 05/04/2020 | 55 | REPLY to opposition to motion re 52 MOTION to Stay filed by ANUJKUMAR DHAMIJA, IMMIGRATION VOICE. (Attachments: # 1 Exhibit A – Declaration of Ananya Dasgupta, # 2 Exhibit B – Declaration of Gitika Talwar, # 3 Exhibit C – Declaration of Srinivasa Yarlagadda, # 4 Exhibit D – Declaration of Ketaki Desa)(Goldfarb, Carl) Modified linkage and text on 5/6/2020 (ztd). (Entered: 05/04/2020) |
| 05/04/2020 | 56 | RESPONSE re 54 Cross MOTION for Preliminary Injunction filed by U.S. DEPARTMENT OF HOMELAND SECURITY. (Press, Joshua) (Entered: 05/04/2020) |
| 05/04/2020 | 57 | RESPONSE re 54 Cross MOTION for Preliminary Injunction filed by ANUJKUMAR DHAMIJA, IMMIGRATION VOICE. (ztd); (See docket entry no. 55 to view.) (Entered: 05/06/2020) |
| 05/08/2020 | 58 | REPLY to opposition to motion re 54 Cross MOTION for Preliminary Injunction filed by SAVE JOBS USA. (Miano, John) (Entered: 05/08/2020) |
| 06/23/2020 | 59 | NOTICE OF SUPPLEMENTAL AUTHORITY by ANUJKUMAR DHAMIJA, IMMIGRATION VOICE (Attachments: # 1 Exhibit A)(Goldfarb, Carl) (Entered: 06/23/2020) |
| 09/11/2020 | 60 | NOTICE OF WITHDRAWAL OF APPEARANCE as to ANUJKUMAR DHAMIJA, IMMIGRATION VOICE. Attorney Johnathan Douglas Lott terminated. (Lott, Johnathan) (Entered: 09/11/2020) |

| 09/24/2020 | 61 | NOTICE OF WITHDRAWAL OF APPEARANCE as to ANUJKUMAR DHAMIJA, IMMIGRATION VOICE. Attorney Evan Matthew Ezray terminated. (Ezray, Evan) (Entered: 09/24/2020) |
| 09/28/2020 | 62 | NOTICE OF WITHDRAWAL OF APPEARANCE as to SAVE JOBS USA. Attorney Michael Meriwether Hethmon terminated. (Miano, John) (Entered: 09/28/2020) |
| 09/29/2020 | | MINUTE ORDER: The parties shall meet, confer, and file a joint status report by Monday, October 5, 2020 not to exceed 5 pages, updating the court on the status of the rulemaking at issue in the pending motion to stay. Signed by Judge Tanya S. Chutkan on 09/29/2020. (lcfb) (Entered: 09/29/2020) |
| 09/29/2020 | | Set/Reset Deadlines: Joint Status Report due by 10/5/2020. (tb) (Entered: 09/29/2020) |
| 10/05/2020 | 63 | Joint STATUS REPORT by U.S. DEPARTMENT OF HOMELAND SECURITY. (Press, Joshua) (Entered: 10/05/2020) |
| 02/02/2021 | | MINUTE ORDER: In light of recent Executive and Administrative actions, the parties shall meet, confer and file a joint status report by 3/5/21 advising the court: 1) whether the current dispute has been mooted or the parties anticipate that it will be mooted; 2) whether the parties wish to stay this action for any reason, including the parties' negotiations over resolving this dispute; or 3) whether the parties agree that this litigation should continue as anticipated pursuant to the federal rules, local rules or a scheduling order. The report shall be accompanied by a proposed order as appropriate. Signed by Judge Tanya S. Chutkan on 2/2/21. (DJS) (Entered: 02/02/2021) |
| 02/02/2021 | | Set/Reset Deadlines: Joint Status Report due by 3/5/2021. (tb) (Entered: 02/02/2021) |
| 02/09/2021 | 64 | NOTICE of Appearance by Lauren Goldman on behalf of ANUJKUMAR DHAMIJA, IMMIGRATION VOICE (Goldman, Lauren) (Entered: 02/09/2021) |
| 02/11/2021 | 65 | NOTICE OF WITHDRAWAL OF APPEARANCE as to ANUJKUMAR DHAMIJA, IMMIGRATION VOICE. Attorney Victor Alejandro Zapana, Jr terminated. (Zapana, Victor) (Entered: 02/11/2021) |
| 03/05/2021 | 66 | Joint STATUS REPORT by U.S. DEPARTMENT OF HOMELAND SECURITY. (Press, Joshua) (Entered: 03/05/2021) |
| 03/12/2021 | | MINUTE ORDER: Given the parties' 66 Joint Status Report and proposed schedule for the briefing of dispositive motions, Intervenor Immigration Voice's 52 motion to stay and Plaintiff's 54 cross−motion for a preliminary injunction are hereby DENIED as moot. The court hereby enters the following deadlines for summary judgment briefing: Plaintiff's motion for summary judgment due 4/2/21; Defendant's combined opposition and cross−motion due 5/3/21; Intervenors' combined opposition and cross−motion due 5/17/21; Plaintiff's combined oppositions and replies due 5/31/21; Defendant's reply due 6/14/21; Intervenors' reply due 6/28/21. Signed by Judge Tanya S. Chutkan on 03/12/2021. (lcfb) (Entered: 03/12/2021) |
| 03/12/2021 | | Set/Reset Deadlines: Cross Motion due by 5/3/2021. Response to Cross Motion due by 5/31/2021. Reply to Cross Motion due by 6/14/2021. Intervenor's Motion due by 5/17/2021. Intervenor's Responses due by 5/17/2021. Intervenor's Reply due by 6/28/2021. Summary Judgment motion due by 4/2/2021. Response to Motion for Summary Judgment due by 5/3/2021. Reply to Motion for Summary Judgment due by 5/31/2021. (tb) (Entered: 03/12/2021) |
| 04/02/2021 | 67 | |

| | | Third MOTION for Summary Judgment by SAVE JOBS USA. (Miano, John) (Entered: 04/02/2021) |
|---|---|---|
| 05/02/2021 | 68 | NOTICE *Requesting Termination of Attorneys of Record for Defendant* by U.S. DEPARTMENT OF HOMELAND SECURITY (Girdharry, Glenn) (Entered: 05/02/2021) |
| 05/03/2021 | 69 | Cross MOTION for Summary Judgment by U.S. DEPARTMENT OF HOMELAND SECURITY. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Press, Joshua) (Entered: 05/03/2021) |
| 05/03/2021 | 70 | Memorandum in opposition to re 67 Third MOTION for Summary Judgment filed by U.S. DEPARTMENT OF HOMELAND SECURITY. (Press, Joshua) (Entered: 05/03/2021) |
| 05/14/2021 | 71 | Consent MOTION for Leave to File *Amici Curiae in Support of Defendant* by LEADING COMPANIES AND BUSINESS ASSOCIATIONS. (Attachments: # 1 Amicus Brief, # 2 Text of Proposed Order)(Hughes, Paul) (Entered: 05/14/2021) |
| 05/14/2021 | 72 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by LEADING COMPANIES AND BUSINESS ASSOCIATIONS (Hughes, Paul) (Entered: 05/14/2021) |
| 05/14/2021 | 73 | NOTICE of Appearance by Paul Whitfield Hughes, III on behalf of LEADING COMPANIES AND BUSINESS ASSOCIATIONS (Hughes, Paul) (Entered: 05/14/2021) |
| 05/14/2021 | 74 | NOTICE of Appearance by Andrew A. Lyons–Berg on behalf of LEADING COMPANIES AND BUSINESS ASSOCIATIONS (Lyons–Berg, Andrew) (Entered: 05/14/2021) |
| 05/17/2021 | 75 | Memorandum in opposition to re 67 Third MOTION for Summary Judgment *and In Support of Cross MOTION for Summary Judgment by U.S. DEPARTMENT OF HOMELAND SECURITY 69* filed by ANUJKUMAR DHAMIJA, IMMIGRATION VOICE. (Goldfarb, Carl) Modified text on 5/18/2021 (ztd). (Entered: 05/17/2021) |
| 05/31/2021 | 76 | REPLY to opposition to motion re 54 Cross MOTION for Preliminary Injunction filed by SAVE JOBS USA. (Miano, John) Modified text and linkage on 6/1/2021 (ztd). (Entered: 05/31/2021) |
| 06/11/2021 | 77 | Unopposed MOTION for Extension of Time to File Response/Reply as to 69 Cross MOTION for Summary Judgment by U.S. DEPARTMENT OF HOMELAND SECURITY. (Attachments: # 1 Text of Proposed Order)(Press, Joshua) (Entered: 06/11/2021) |
| 06/17/2021 | | MINUTE ORDER: For good cause shown, Defendants' 77 unopposed request to move the deadline to reply to Plaintiff's Response to Defendant's Motion for Summary Judgment by an additional four (4) days from June 14, 2021, to June 18, 2021 is hereby GRANTED. In addition, Intervenors' remaining reply deadline is extended from June 28, 2021 to July 2, 2021. Signed by Judge Tanya S. Chutkan on 06/17/2021. (lcfb) (Entered: 06/17/2021) |
| 06/17/2021 | | Set/Reset Deadlines: Defendants' Reply To Plaintiff's Response to Defendant's Motion For Summary Judgment due by 6/18/2021. Intervenors' Reply Deadline due 7/2/2021. (mac) (Entered: 06/17/2021) |

| 06/18/2021 | 78 | REPLY to opposition to motion re 69 Cross MOTION for Summary Judgment filed by U.S. DEPARTMENT OF HOMELAND SECURITY. (Press, Joshua) (Entered: 06/18/2021) |
| 07/02/2021 | 79 | REPLY to opposition to motion re 69 Cross MOTION for Summary Judgment filed by ANUJKUMAR DHAMIJA, IMMIGRATION VOICE. (Goldfarb, Carl) (Entered: 07/02/2021) |
| 03/07/2022 |  | MINUTE ORDER granting 71 Consent Motion for Leave to File Brief as Amici Curiae. Signed by Judge Tanya S. Chutkan on 03/07/2022. (lcwk) (Entered: 03/07/2022) |
| 03/07/2022 | 80 | AMICUS BRIEF by LEADING COMPANIES AND BUSINESS ASSOCIATIONS. (znmw) (Entered: 03/09/2022) |
| 07/01/2022 | 81 | NOTICE OF SUPPLEMENTAL AUTHORITY by SAVE JOBS USA (Attachments: # 1 Exhibit West Virginia v. EPA)(Miano, John) (Entered: 07/01/2022) |
| 07/15/2022 | 82 | RESPONSE re 81 NOTICE OF SUPPLEMENTAL AUTHORITY filed by ANUJKUMAR DHAMIJA, IMMIGRATION VOICE. (Goldfarb, Carl) (Entered: 07/15/2022) |
| 07/15/2022 | 83 | RESPONSE re 81 NOTICE OF SUPPLEMENTAL AUTHORITY filed by DEPARTMENT OF HOMELAND SECURITY. (Press, Joshua) (Entered: 07/15/2022) |
| 07/22/2022 | 84 | REPLY re 82 Response to Document, 83 Response to Document filed by SAVE JOBS USA. (Miano, John) (Entered: 07/22/2022) |
| 03/28/2023 | 85 | MEMORANDUM OPINION re: Plaintiff's 67 Second Renewed Motion for Summary Judgment and Defendant's 69 Cross–Motion for Summary Judgment. Signed by Judge Tanya S. Chutkan on 03/28/2023. (lcss) (Entered: 03/28/2023) |
| 03/28/2023 | 86 | ORDER denying Plaintiff's 67 Second Renewed Motion for Summary Judgment; granting Defendant's 69 Cross–Motion for Summary Judgment. See Order for details. Signed by Judge Tanya S. Chutkan on 03/28/2023. (lcss) (Entered: 03/28/2023) |
| 04/25/2023 | 87 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 86 Order on Motion for Summary Judgment, 85 Memorandum & Opinion by SAVE JOBS USA. Fee Status: Paid, $505, Receipt No. ADCDC–10023495) Parties have been notified. (Miano, John) Modified on 4/25/2023 to add in payment information.(ztnr) (Entered: 04/25/2023) |

In the
# United States District Court
for the
## District of Columbia

| | |
|---|---|
| Save Jobs, USA<br><br>*Plaintiff,*<br><br>*v.*<br>U.S. Dep't of Homeland Security;<br><br><br>*Defendant.,*<br><br>*and*<br><br>Anujkumar Dhamija, *et al.*<br><br>*Intervenors.* | Civil Action No. 1:15-cv-00615 (TSC) |

**Notice of Appeal**

Notice is hereby given that Save Jobs USA, plaintiff in the above named case, appeals to the United States Court of Appeals for the District of Columbia Circuit the memorandum opinion and order entered in this action on the 28th day of March 28, 2023.

Dated: April 25, 2023

 

 

_____

John M. Miano
D.C. Bar No. 1003068
Attorney of Record
(908) 273-9207
miano@colosseumbuilders.com

Christopher Hajec
D.C. Bar No. 492551
Immigration Reform Law Institute
25 Massachusetts Ave., N.W.
Suite 335
Washington, D.C. 20001
(202) 232-5590

In the
# United States District Court
for the
## District of Columbia

| | |
|---|---|
| Save Jobs, USA | |
| *Plaintiff,* | |
| *v.* | |
| U.S. Dep't of Homeland Security; | Civil Action No. 1:15-cv-00615 (TSC) |
| *Defendant.,* | |
| *and* | |
| Anujkumar Dhamija, *et al.* | |
| *Intervenors.* | |

### Certificate of Service

I certify that on April 25, 2023, I filed the attached Notice of Appeal with the Clerk of the Court using the CM/ECF system that will provide notice and copies to the Defendant's attorneys of record.

John M. Miano
D.C. Bar No. 1003068
Attorney of Record
Save Jobs USA

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**SAVE JOBS USA**,

        Plaintiff,

   v.

**U.S. DEPARTMENT OF HOMELAND SECURITY**,

        Defendant.

Civil Action No. 15-615 (TSC)

## <u>ORDER</u>

For the reasons set forth in the accompanying Memorandum Opinion, ECF No. 85, Plaintiff's Motion for Summary Judgment, ECF No. 67, is hereby DENIED, and Defendant's Cross-Motion for Summary Judgment, ECF No. 69, is hereby GRANTED.  Accordingly, this action is hereby DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 56. This is a final appealable order.

Date: March 28, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **SAVE JOBS USA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 15-cv-0615 (TSC) |
| | ) |
| **U.S. DEPARTMENT OF HOMELAND** | ) |
| **SECURITY**, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

In this Administrative Procedure Act ("APA") action, Plaintiff Save Jobs USA, an association representing Southern California Edison workers, challenges a Department of Homeland Security ("DHS") rule allowing H-4 visa-holders to apply for employment authorization. Plaintiff claims that the rule lacks statutory authorization, violates the nondelegation doctrine, and is arbitrary and capricious. Both parties have moved for summary judgment. Intervenors Immigration Voice and Anujkumar Dhamija, as well as *amici curiae* comprising more than forty companies and organizations have filed briefs in support of Defendant's motion. Having considered all those filings, and for the reasons stated herein, Plaintiff's motion for summary judgment will be DENIED, and Defendant's motion for summary judgment will be GRANTED.

### I.    BACKGROUND

The court has set forth the relevant background for this case in prior opinions, so only a brief description is necessary here. *See Save Jobs USA v. U.S. Dep't of Homeland Sec.*, 210 F.

1

Supp. 3d 1 (D.D.C. 2016); *Save Jobs USA v. U.S. Dep't of Homeland Sec.*, 105 F. Supp. 3d 108

(D.D.C. 2015).

## A.  Statutory and Regulatory Framework

The Immigration and Naturalization Act ("INA") authorizes DHS to admit foreign

workers into the U.S. to perform certain types of labor.  *See* 8 U.S.C. § 1101(a)(15)(H).  The "H-

1B" category of visa-holders are admitted "to perform services . . . in a specialty occupation" for

an initial period of three years, extendable for three additional years.  *Id*. § 1101(a)(15)(H)(i)(b).

Spouses and minor dependents of H-1B visa-holders are granted H-4 visas allowing them to

reside in the United States as well.  *See id.*

Generally, H-1B visa-holders and their H-4 spouses and dependents may reside in the

U.S. for up to six years, after which time they must leave and remain abroad for at least one year

before seeking to reenter in the same status.  *See* 8 U.S.C. § 1184(g)(4); 8 C.F.R.

§ 214.2(h)(13)(iii)(A).  However, H-1B visa-holders may transition to legal permanent resident

("LPR") status—*i.e.*, become a green card holder—through the employer-sponsored immigration

process.  This process requires the H-1B visa-holder's employer to obtain a Department of Labor

certification that there are no U.S. workers who are "able, willing, qualified[,] . . . and available"

to perform the job, and that the "wages and working conditions" of "similarly employed"

American workers will not be "adversely affected."  8 U.S.C. § 1182(a)(5)(A)(i).  If the

Secretary of Labor approves the certification, the employer then submits a Form I-140 petition

for DHS's approval.  *See id.* § 1154(a)(1)(F), (b); 8 C.F.R. § 204.5(a).  Due to frequently

oversubscribed quotas for the number of H-1B visa-holders who may transition to LPR status,

there are often long delays, and an applicant may have to leave the U.S. before receiving a

decision on their status adjustment application.

To prevent the potential for disruption to employers and families, Congress passed the American Competitiveness in the Twenty-First Century Act of 2000 ("AC21 Act"). Under that Act, if an applicant has an approved Form I-140 petition and is unable to adjust their status because of per-country visa limits, they may extend their H-1B stay in three-year increments until their application for LPR status has been adjudicated. *See* Pub. L. No. 106-313, § 104(c), 114 Stat. 1251, 1253; 8 C.F.R. § 214.2(h)(13)(iii)(E). H-1B visa-holders who are the subject of labor certification applications or Form I-140 petitions may also be eligible for recurring one-year extensions of H-1B status if 365 days have elapsed since the application or petition was filed. *See* AC21 Act § 106(a)-(b), 114 Stat. at 1253-54, *as amended by* 21st Century Department of Justice Appropriations Authorization Act, Pub. L. No. 107-273, § 11030A, 116 Stat. 1762, 1836-37 (2002); 8 C.F.R. § 214.2(h)(13)(iii)(D).

The rule at issue in this case permits a subset of H-4 visa-holders to apply for Employment Authorization Documents ("EADs") allowing them to work in the United States. To be eligible, the H-4 visa-holder's H-1B spouse must either be transitioning to LPR status by way of either an extension past their sixth year under the AC21 Act or be the subject of an approved Form I-140 petition but cannot adjust status because of visa oversubscription. *See* Employment Authorization for Certain H-4 Dependent Spouses, 80 Fed. Reg. 10,284, 10,285 (Feb. 25, 2015) (codified at 8 C.F.R. §§ 214.2, 274a) ("H-4 Rule"). The H-4 Rule aims to "ameliorate certain disincentives that currently lead H-1B nonimmigrants to abandon efforts to remain in the United States while seeking LPR status, thereby minimizing disruptions to U.S. businesses employing such workers." *Id.* The Rule underwent notice-and-comment procedures, *see* Employment Authorization for Certain H-4 Dependent Spouses*,* 79 Fed. Reg. 26,886 (May

12, 2014) (proposed rule), and took effect on May 26, 2015, *see* 80 Fed. Reg. 10,284 (Feb. 25, 2015).

## B. Procedural History

On April 23, 2015, Plaintiff filed this suit and moved for a preliminary injunction to prevent Defendant from implementing the H-4 Rule. *See* Pl. Mot. Prelim. Inj. ECF No. 2. The court denied Plaintiff's motion on May 24, 2015. *See* May 24, 2015 Order, ECF No. 14; 105 F. Supp. 3d at 116. Later that year, the parties cross-moved for summary judgment. *See* Pl. Second Summ. J. Mot., ECF No. 26;[1] Def. First Summ. J. Cross-Mot., ECF No. 27. The court denied Plaintiff's motion and granted Defendant's motion, ruling that Plaintiff lacked standing. *See* 210 F. Supp. 3d at 13. Plaintiff appealed and the D.C. Circuit reversed and remanded for further proceedings. *Save Jobs USA v. Dep't of Homeland Sec.*, 942 F.3d 504 (D.C. Cir. 2019). Plaintiff and Defendant have once again cross-moved for summary judgment. ECF Nos. 67, 69.

## II.    LEGAL STANDARD

The APA commands that a court set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or that is "contrary to [a] constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(A)-(B).

Summary judgment is typically appropriate when the pleadings and evidence demonstrate that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). But Rule 56(a)'s standards do not apply in an APA action where "the district judge sits as an appellate tribunal," and the "[e]ntire case on review is a question of law." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001) (internal quotation marks omitted). Instead of reviewing the record for disputed facts, "the function of the district court is to determine whether or not as a

---

[1] Plaintiff's first motion for summary judgment was dismissed without prejudice. *See* July 1, 2015 Minute Order.

matter of law the evidence in the administrative record permitted the agency to make the

decision it did." *Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 90 (D.D.C. 2006) (quotation

marks and citation omitted).  This standard of review is "narrow," and a court applying it "is not

to substitute its judgment for that of the agency."  *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State

Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

## III.    ANALYSIS

### A.  Statutory Authorization

Plaintiff's primary contention is that Congress has never granted DHS authority to allow

foreign nationals, like H-4 visa-holders, to work during their stay in the United States.  But as the

D.C. Circuit has recently explained, that contention runs headlong into the text of the INA,

decades of Executive-branch practice, and both explicit and implicit congressional ratification of

that practice.

The Circuit's analysis in *Washington Alliance of Technology Workers v. United States

Department of Homeland Security* is directly applicable to this case.  50 F.4th 164 (D.C. Cir.

2022) ("*Washtech*").  There, a labor union representing STEM workers claimed DHS lacked

statutory authority to authorize employment as part of a post-graduation, "Optional Practical

Training" program for F-1 student visa-holders.  *Id.* at 190.  The D.C. Circuit squarely rejected

that argument for at least three reasons, all of which foreclose Plaintiff's parallel assertion here.

The first reason was "the INA's explicit grant of authority to the Department," which not

only "commands DHS to 'establish such regulations' as its Secretary 'deems necessary for

carrying out his authority,'" but also "specifically provides that the 'admission to the United

States of any alien as a nonimmigrant shall be for such time and under such conditions as the

Attorney General may by regulations prescribe.'"  *Id.* (first quoting 8 U.S.C. § 1103(a)(3), then

quoting *id.* § 1184(a)(1)).  The Attorney General's authority to set the "time" and "conditions" of

visa-holders' stay has been transferred to DHS. *Id.* at 170 n.1. In the case of F-1 students, the D.C. Circuit held, "[w]hether they can work" is such a condition, just like rules governing "where they can study," the "courses they must take," and "what any accompanying spouse or children may do while in the country." *Id.* at 190 (citations omitted). The INA's text therefore expressly contemplates DHS authorizing employment for foreign nationals. *Id.*

Second, "[h]istory corroborates that Congress meant what it plainly said in the INA when it granted DHS authority in section 1184(a)(1) to set the conditions of F-1 students' admission." *Id.* "DHS and its predecessors have been authorizing student visa-holders to work at jobs related to their studies since at least 1947." *Id.*; *see also id.* at 171-73 (reviewing history). "And across decades of the Executive doing so openly, . . . Congress has chosen to maintain the relevant provisions" of the INA. *Id.* at 190; *see id.* at 180-83 (reviewing history). In fact, "Congress also expressly exempted F-1 students from several forms of wage taxes—a measure that would be completely unnecessary if those students lacked authorization to work." *Id.* at 191. Thus, "Congress has not just kept its silence by refusing to overturn [an] administrative construction, but has ratified it with positive legislation," which renders "that construction virtually conclusive." *Id.* (quoting *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 846 (1986)).

Finally, and relatedly, Congress verified "that DHS may lawfully authorize employment for nonimmigrants" when it passed the 1986 Immigration Control and Reform Act ("IRCA"). *Id.* "IRCA prohibits the employment of 'unauthorized aliens,'" which it defines as "one who is neither 'lawfully admitted for permanent residence' nor 'authorized to be so employed by this chapter or by the Attorney General'—now DHS." *Id.* (first quoting 8 U.S.C. § 1324a(a)(1), then quoting *id.* § 1324a(h)(3)). "IRCA's express recognition that aliens may be 'authorized to be . . .

employed . . . by' DHS confirms that Congress has deliberately granted the Executive power to authorize employment." *Id.*

The D.C. Circuit's holding and reasoning in *Washtech* apply with equal force in this case. Like the Optional Practical Training program at issue there, Defendant promulgated the H-4 Rule here pursuant to its time-and-conditions and general regulatory authority, as confirmed by IRCA. *See* 80 Fed. Reg. at 10,285 & 10,294 (citing 8 U.S.C. §§ 1103(a)(3), 1184(a), 1324a(h)(3)(B)). On their face, the "time" and "conditions" of a visa-holder's stay in the United States include "what an accompanying spouse . . . may do while in the country," as well as whether "[w]hether they can work." *Washtech*, 50 F.4th at 190. IRCA verifies the plain meaning of those terms in the INA by recognizing that some visa-holders may be "authorized to be . . . employed . . . by" DHS. 8 U.S.C. § 1324a(h)(3). In short, Congress has expressly and knowingly empowered Defendant to authorize employment as a permissible condition of an H-4 spouse's stay in the United States.

The fact that the Executive Branch has had longstanding and open responsibility for authorizing employment for similar visa classes further manifests Congress's approval of Defendant exercising that authority. For example, DHS and its predecessors have authorized employment not just for students, *see Washtech*, 50 F.4th at 171-73, but also for their spouses and dependents, *see* Brief of Leading Companies and Business Associations as *Amici Curiae* in Support of Defendant at 12 n.5, ECF No. 80 ("*Amici* Brief") (collecting agency policy documents dating back to 1965 permitting, among others, J-2 spouses to work). For instance, DHS has long extended work authorization to spouses of foreign government officials and spouses of employees or officers of international organizations. *See* Employment Authorization to Aliens in the United States, 46 Fed. Reg. 25,079 (May 5, 1981). Rather than refuting the

straightforward interpretation of the INA that permits DHS to exercise that authority, Congress

has repeatedly blessed it by leaving the relevant provisions of the INA untouched, even as it as

amended other portions of the statute during the last several decades.  *See Washtech*, 50 F.4th at

183; *see, e.g.*, *Amici* Brief at 18 n.8 (citing several recent amendments to 8 U.S.C. § 1324a).

That constitutes "persuasive evidence that the interpretation is the one intended by Congress."

*Schor*, 478 U.S. at 846.  Mindful of controlling precedent in this Circuit, this court will not

disturb it.[2]

Plaintiff's arguments do nothing to undermine Defendant's statutory authority.  First,

Plaintiff argues that "Congress did not delegate to DHS general authority to authorize aliens to

work in 8 U.S.C. § 1324a(h)(3)."  Plaintiff's Second Renewed Motion for Summary Judgment at

7, ECF No. 67 ("Pl.'s MSJ"); *id.* at 7-9.  Plaintiff "is right that section 1324a(h)(3) is not the

source of the relevant regulatory authority," but that is beside the point, which is that "section

1324a(h)(3) expressly acknowledges that employment authorization need not be specifically

conferred by statute; it can also be granted by regulation, as it has been" here.  *Washtech,* 50

F.4th at 191-92.  Plaintiff does not cite, much less contest, the explicit statutory grant of time-

and-conditions authority to DHS in 8 U.S.C. § 1184(a)(1).

Second, Plaintiff admits that Defendant (or its predecessors) have long authorized

employment for visa-holders but asserts that Congress has never implicitly endorsed that

practice.  *See* Reply in Support of Plaintiff's Second Renewed Motion for Summary Judgment at

9-11, ECF No. 76 ("Pl.'s Reply"); Pl.'s MSJ at 9-10.  But Plaintiff's attempts to support that

---

[2] Because the statute's text and history plainly permit Defendant to authorize employment for H-4 spouses, the court does not analyze Defendant's contention that it may do so under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).  Were there any ambiguity in the INA, however, that ambiguity would counsel deference because Defendant has reasonably resolved it.  *Id.* at 866; *Washtech*, 50 F.4th at 192-93; *see infra* Section III.C.

assertion fall short.  To start, it argues that there is no legislative history suggesting Congress intentionally granted DHS power to authorize employment.  Pl.'s MSJ at 9-10.  In fact, as the Circuit noted in *Washtech*, the 1950 Senate study that was the "genesis" of the INA recognized that the Executive branch was already authorizing employment for nonimmigrant visa-holders. 50 F.4th at 181 (citing S. Rep. No. 81-1515, at 503).  Knowing that, Congress nonetheless decided to maintain all the relevant grants of authority to the Executive.  *Id.*  Thus, while Plaintiff is right that the INA "provides strong safeguards for American labor," *see* S. Rep. No. 82-117 at 11, Congress also recognized that the Executive might authorize employment to further the statute's other broad and varied goals—such as promoting "foreign policy, constitutional guarantees, public welfare, the health, the economy, and the productivity of the Nation," Congressional and Administrative News, 82nd Congress, Second Session, 1952, v. 2, p. 1750.  As discussed above, "[m]ore than seventy years of history and practice since it enacted the 1952 INA shows that Congress has not changed its mind."  *Washtech*, 50 F.4th at 164.

Lastly, Plaintiff cites the fact that several members of Congress have introduced but never passed bills to grant H-4 spouses work authorization.  Pl.'s MSJ at 10.  But the Supreme Court has noted that "Congressional inaction lacks persuasive significance because several equally tenable inferences may be drawn from such inaction, including the inference that the existing legislation already incorporated the offered change."  *Pension Benefit Guaranty Corp. v. LTV Corp.*, 496 U.S. 633, 650 (1990) (internal quotation marks and citation omitted).  This case illustrates that problem.  At most, the introduction of those bills shows that some members of Congress thought it would be a good idea for H-4 spouses to have work opportunities; it says nothing about whether Congress believed that, even if it took no action, the Executive could still authorize that employment.  Indeed, Congress could have rejected those proffered bills precisely

because it wanted to leave the choice whether to authorize employment for H-4 spouses up to

DHS, given its expertise in the field.  *See id.*  There is accordingly no logical basis for inferring

that Congress believes Defendant powerless to promulgate the H-4 Rule.

For these reasons, the court concludes that Defendant possessed the requisite statutory

authority to issue the H-4 Rule.

## B.  Separation of Powers and Non-Delegation Doctrine

Plaintiff's second challenge is related to its first.  It argues that any interpretation of the

INA allowing Defendant to authorize employment for H-4 spouses would violate the

constitutional separation of powers and related "nondelegation doctrine."  Pl.'s MSJ at 13-15.

This argument, too, is unavailing in light of the D.C. Circuit's decision in *Washtech*.

"The nondelegation doctrine is rooted in the principle of separation of powers that

underlies our tripartite system of Government."  *Mistretta v. United States*, 488 U.S. 361, 371

(1989).  Under that system, Congress "may not transfer to another branch 'powers which are

strictly and exclusively legislative.'"  *Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019)

(quoting *Wayman v. Southard*, 23 U.S. (10 Wheat.) 1, 42-43 (1825)).  "This principle does not

mean, however, that only Congress can make a rule of prospective force."  *Loving v. United

States*, 517 U.S. 748, 758 (1996).  "Congress may 'obtain[] the assistance of its coordinate

Branches'—and in particular, may confer substantial discretion on executive agencies to

implement and enforce the laws."  *Gundy*, 139 S. Ct. at 2123 (quoting *Mistretta*, 488 U.S. at

372).  And because "Congress simply cannot do its job absent an ability to delegate power under

broad general directives," the Supreme Court has "held time and again, that a statutory

delegation is constitutional as long as Congress 'lay[s] down by legislative act an intelligible

principle to which the person or body authorized to [exercise the delegated authority] is directed

to conform.'"  *Id.* (same).  The "intelligible principle" standard is "not demanding," and is

satisfied unless "Congress ha[s] failed to articulate *any* policy or standard" at all.  *Id.* at 2129.

     This case does not raise those concerns.  Plaintiff asserts that even if Congress granted

Defendant power to authorize employment for nonimmigrant visa-holders, it "did so while

giving no guidance whatsoever on how this authority was to be used."  Pl.'s MSJ at 14-15.  But

in *Washtech*, in which the plaintiffs also made nondelegation arguments, *see* 50 F.4th at 191, the

D.C. Circuit explained how the INA's text and structure establishes the "limiting principle" to

"constrain DHS's regulatory authority," *id.* at 189.

> Section 1184(a)(1)[] . . . provides time-and-conditions authority specifically for
> the "admission to the United States of any alien *as a nonimmigrant*."  8 U.S.C.
> § 1184(a)(1) (emphasis added).  Notably, however, the INA does not define
> "nonimmigrant" as a general category, but only as a set of discrete classes.  *Id.*
> § 1101(a)(15)(A)-(V).  Those dozens of class definitions are each very brief,
> specifying little more than a type of person to be admitted and the purpose for
> which they seek to enter.  No definition states exactly how long the person may
> stay, nor spells out precisely what the nonimmigrant may or may not do while
> here for the specified purpose.  Those are parameters that Congress expected the
> Executive to establish "by regulations," which is exactly what section 1184(a)(1)
> grants DHS the authority to do.  In short:  The INA uses visa classes to identify
> who may enter temporarily and why, but leaves to DHS the authority to specify,
> consistent with the visa class definitions, the time and conditions of that
> admission.

*Id.* at 177-78 (footnote omitted).  Thus, "[p]ursuant to the Secretary's obligation to exercise its

rulemaking power in keeping with the statute's text and structure, DHS must ensure that the

times and conditions it attaches to the admission of [nonimmigrant visa-holders] are reasonably

related to the purpose for which they were permitted to enter."  *Id.* at 179.

     As the next section explains, the H-4 Rule satisfies that statutory requirement.  But the

requirement's mere existence provides an intelligible principle of delegation and is therefore

fatal to Plaintiff's nondelegation challenge.

## C.  Arbitrary and Capricious Claim

Plaintiff's final argument is that Defendant's promulgation of the H-4 Rule was arbitrary and capricious in violation of the APA, 5 U.S.C. § 706(2)(A).

> The scope of review under the "arbitrary and capricious" standard is narrow and a court is not to substitute its judgment for that of the agency.  Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made.

*State Farm*, 463 U.S. at 43 (quotation omitted).  Plaintiff asserts two violations of that standard, but neither is persuasive.

First, Plaintiff argues that the H-4 Rule reversed without explanation a prior policy established by Congress and DHS—*i.e.*, that H-4 spouses had no work authorization.  The court disagrees.  As *Washtech* explained, the INA empowers (but does not require) Defendant to set certain "conditions" of nonimmigrant visa-holders' stay in the United States, potentially including work authorization.  *See* 50 F.4th at 177-78.  Defendant's choice to exercise its statutory discretion did not change that policy.  After Defendant and Intervenors made the same argument in their briefing, Plaintiff failed to respond.  *See* Memo. in Support of Def.'s Cross-Mot. for Summary Judgment and Opp. to Pl.'s Mot. for Summary Judgment at 23-28, ECF No. 69-1 ("Def.'s MSJ"); Intervenor's Memo. in Support of DHS's Mot. for Summary Judgment and in Opp. to Save Jobs USA's Mot. for Summary Judgment at 27-28; Pl.'s Reply at 1-15.  Indeed, Plaintiff's Reply did not address any of the arguments opposing its arbitrary and capricious challenge, *see* Pl.'s Reply at 1-17, and thereby effectively concedes them, *Am. Waterways Operators v. Regan*, 590 F. Supp. 3d 126, 138 (D.D.C. 2022) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded.") (citations omitted).

In any event, Defendant did explain why it had decided to authorize employment for H-4 spouses.  In doing so, Defendant also demonstrated how the H-4 Rule "is reasonably related to the nature and purpose of the [H-4] visa class." *Washtech*, 50 F.4th at 179; *see supra* Section III.B.  As relevant here, that class includes individuals "accompanying" or "following to join" the holder of an H-1B visa in the United States.  8 U.S.C. § 1101(a)(15)(H).  In turn, the H-1B class enables the entry of workers who come "to perform services . . . in a specialty occupation." *Id.*  As the H-4 Rule explained, "[r]etaining highly skilled workers who intend to acquire LPR status" is critical to fulfill the purposes of the H-1B visa class, including benefiting from those individuals' "advances in entrepreneurship and research and development, which are highly correlated with overall economic growth and job creation."  80 Fed. Reg. at 10,284.  But upon review of recent data and reports from experts, *see id.* at 10,304-05, Defendant concluded that "the lack of employment authorization for H-4 dependent spouses" undermines that retention because it "often gives rise to personal and economic hardships for the families of H-1B nonimmigrants," leading them to "abandon efforts to remain in the United States," *id.* at 10,284-85.  Accordingly, granting employment authorization for H-4 spouses furthers the dual statutory purposes of H-1B workers performing specialty services in the United States, and H-4 spouses accompanying them. *Id.*

Second, Plaintiff initially contends that Defendant "entirely failed to consider" the "negative effect" that the H-4 Rule could have on American workers.  Pl.'s MSJ at 17.  But in the next paragraph, Plaintiff recognizes—as it must—that Defendant did consider that effect, and instead takes aim at Defendant's methodology for doing so. *Id.* (citing 80 Fed. Reg. at 10,295). Defendant noted that the H-4 Rule would "not result in 'new' additions to the labor market" because "it simply accelerates the timeframe by which [H-4 spouses] can enter the labor

market." 80 Fed. Reg. at 10,309.  In addition, Defendant calculated that "even if every eligible H-4 spouse took advantage of the rule in the first year (the year with the most newly-eligible H-4 spouses) it would amount to less than 0.12% of the U.S. workforce."  Def.'s MSJ at 27 (citing 80 Fed. Reg. at 10,295 & 10,309).  By contrast, Defendant noted that commenters predicting negative impacts on American jobs did not provide any empirical support for that prediction.  80 Fed. Reg. at 10,296.  In light of that data, Defendant concluded that the H-4 Rule's benefits outweighed its "minimal" economic costs.  *Id.* at 10,295-96.  That suffices to establish a "rational connection between the facts found and the choice made."  *State Farm*, 463 U.S. at 43. Plaintiff's insistence that it would have been better to compare "the number of workers added under the H-4 rule per year" to "the average monthly job creation" in the United States rather than "the total size of the American workforce," Pl.'s MSJ at 17-18, does not render Defendant's analysis—based on the evidence before it—irrational.

As a result, Plaintiff has failed to demonstrate that the H-4 Rule was arbitrary and capricious.

## IV.    CONCLUSION

For these reasons, Plaintiff's Motion for Summary Judgment, ECF No. 67, will be DENIED, and Defendant's Cross-Motion for Summary Judgment, ECF No. 69, will be GRANTED.  A corresponding Order will accompany this Memorandum Opinion.

Date:  March 28, 2023

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge