**BOIES SCHILLER FLEXNER**

Carl E. Goldfarb<br>
Telephone: (954) 356-0011<br>
Email: cgoldfarb@bsfllp.com

July 2, 2024

Mark Langer
Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue, NW
Washington, D.C. 20001

  Re: Letter Pursuant to Federal Rule of Appellate Procedure 28(j)
     *Save Jobs USA v. United States Department of Homeland Security*,
     No. 23-5089

Dear Mr. Langer:

  We write in response to the Appellant's submission of the Supreme Court's opinion in *Loper Bright Enterprises v. Raimondo*, No. 22-451 (June 28, 2024) ("*Loper Bright*") as pertinent, supplemental authority.

  *Loper Bright* is not relevant because the District Court in this case did not rely on the deference accorded to certain agency interpretations under *Chevron U.S.A. Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984). *See Save Jobs USA v. U.S. Dep't of Homeland Sec.*, 664 F. Supp. 3d 143, 149 n.2 (D.D.C. 2023) ("Because the statute's text and history plainly permit Defendant to authorize employment for H-4 spouses, the court does not analyze Defendant's contention that it may do so under *Chevron*[.]"). Moreover, the parties have not contended that *Chevron* governs this case. Indeed, the Appellant acknowledged that the District Court found the H-4 Rule permissible "outside the *Chevron* framework[.]" (Appellant's Opening Brief 20). Both Appellees agreed, explaining that the express delegations of authority authorizing the H-4 Program show that this case does not implicate *Chevron*. (Immigration Voice's Brief 48–49; DHS's Brief 30).

  Similarly, the Supreme Court's reference to the major questions doctrine in *Loper Bright* is not on point. The Court did not purport to change the doctrine and the Appellant simply recycles the same argument it made in its briefs. As Appellees explained in their respective briefs, the H-4 Program does not invoke a question of

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

great economic and political significance that would implicate the major question doctrine, and even if it did, the agency acted pursuant to an express delegation and Congress repeatedly ratified its conduct. (Immigration Voice's Brief 23–42; DHS's Brief 48–51).

In short, nothing in *Loper Bright* changes the conclusion that the H-4 Program constitutes a valid exercise of the Department of Homeland Security's express authority, consistent with courts' interpretations of the Immigration and Nationality Act for over 70 years and the agency's conduct over those same decades whether under Republican or Democratic administrations.

Sincerely,

*/s/ Carl E. Goldfarb*

Carl E. Goldfarb

## CERTIFICATE OF SERVICE

I certify that on July 2, 2024, I filed the attached Letter with the ECF system that will provide notice and copies to all parties.

Dated:  July 2, 2024         By:   <u>s/ Carl E. Goldfarb</u>
                                   Carl E. Goldfarb, Esq.